**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BEYENE KAHSAY,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF PIKE COUNTY CORRECTIONAL FACILITY,<br><br>Respondent. | No. 4:26-CV-02646<br><br>(Chief Judge Brann) |

# MEMORANDUM OPINION

**NOVEMBER 23, 2026**

Beyene Kahsay filed this 28 U.S.C. § 2241 petition on September 14, 2026, alleging that his continued civil detention by the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") violates his constitutional rights.[1] Specifically, Kahsay challenges the legality of his arrest and continued detention and contends that he is entitled to release from custody.

The petition fails for a straightforward reason. Kahsay is detained pursuant to a final order of removal under § 1231, and his detention remains well within the six-month presumptively reasonable period recognized by the Supreme Court in *Zadvydas v. Davis*.[2] Because the record also demonstrates that DHS is actively

---

1 Doc. 1.
2 533 U.S. 678 (2001).

pursuing removal, Kahsay has not shown that his continued detention violates federal law or the Constitution.

## I. BACKGROUND

Kahsay is a native of Ethiopia and a citizen of Eritrea who entered the United States as a refugee on September 29, 2009.[3] On that same date, his status was adjusted to that of a lawful permanent resident.[4] In November 2019, the Department of Homeland Security charged Kahsay as removable, alleging that he had procured admission or adjustment of status through fraud or willful misrepresentation of a material fact.[5]

After several continuances, Kahsay was directed to appear before an Immigration Judge in Denver, Colorado, on April 1, 2025.[6] Kahsay failed to appear for that hearing.[7] After concluding that the Government had established the factual allegations contained in the Notice to Appear, the Immigration Judge sustained the charge of removability and ordered Kahsay removed to Ethiopia or, alternatively, Eritrea.[8] The Immigration Judge entered a final order of removal on April 1, 2025.[9]

---

3 Doc. 8-1, at 2.
4 *Id.*
5 *Id.* at 2-3.
6 *Id.* at 3.
7 *Id.*
8 *Id.*
9 *Id.*

More than a year later, on June 4, 2026, Kahsay moved to reopen his immigration proceedings.[10] The Immigration Court denied that motion on June 26, 2026, finding that Kahsay had failed to demonstrate either exceptional circumstances excusing his failure to appear or a lack of notice regarding the hearing.[11] Kahsay did not appeal that decision to the Board of Immigration Appeals.[12]

On July 9, 2026, DHS encountered Kahsay after the Canada Border Services Agency denied him entry into Canada and returned him to the United States.[13] ICE thereafter took Kahsay into custody pursuant to his existing final order of removal.[14] He was first housed at the Buffalo Service Processing Center, then transferred to Moshannon Valley Processing Center, and ultimately transferred to Pike County Correctional Facility, where he remains detained.[15]

ICE subsequently initiated efforts to secure travel documents for Kahsay's removal. On August 20, 2026, a travel-document request was submitted for processing, and on August 26, 2026, ICE was advised that Kahsay had been queued for interviews related to that request.[16] Two days later, Kahsay was served

---

10 *Id.*
11 *Id.*
12 *Id.*
13 *Id.*
14 *Id.* at 4.
15 *Id.*
16 *Id.*

with a Warning for Failure to Depart and advised that ICE would review his custody status in October 2026.[17]

On September 14, 2026, Kahsay filed the instant § 2241 petition.[18] He asserts that ICE unlawfully arrested him after his return from Canada, that his continued detention violates the Due Process Clause of the Fifth Amendment, and that he is entitled to immediate release or, alternatively, a bond hearing.[19] He further contends that the conditions of his confinement are indistinguishable from criminal punishment.[20]

The Government responds that Kahsay is subject to detention under 8 U.S.C. § 1231 because he is subject to a final order of removal.[21] It further argues that Kahsay's detention remains well within the six-month presumptively reasonable period recognized in *Zadvydas v. Davis*, that ICE is actively pursuing travel documents for his removal, and that his removal is significantly likely in the reasonably foreseeable future.[22]

Kahsay has not filed a reply brief, and the time to do so has passed. The matter is therefore ripe for disposition.

---

17 *Id.*
18 Doc. 1.
19 *See generally id.*
20 *Id.* at 8.
21 Doc. 8, at 1.
22 Doc. 8, at 5-7 (citing 533 U.S. 678, 700-01 (2001)).

## II. DISCUSSION

Kahsay brings his claims pursuant to 28 U.S.C. § 2241, which provides, as relevant here, that it applies to any individual who is "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States." Habeas corpus remains the appropriate vehicle for challenging the legality of immigration detention.[23] Accordingly, Kahsay's claims are properly before this Court.

Although Kahsay advances several constitutional and statutory theories, the dispositive question is whether his continued detention following entry of a final order of removal violates federal law or the United States Constitution. On the present record, it does not.

Federal law provides that, once an alien is ordered removed, the Secretary of Homeland Security "shall remove the alien from the United States within a period of 90 days."[24] During that removal period, detention is mandatory.[25] Following the removal period, certain categories of aliens may continue to be detained.[26]

There is no meaningful dispute that Kahsay is subject to a final order of removal. An Immigration Judge ordered Kahsay removed to Ethiopia or,

---

[23] *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025).
[24] 8 U.S.C. § 1231(a)(1)(A).
[25] *Id.* § 1231(a)(2).
[26] *Id.* § 1231(a)(6).

alternatively, Eritrea on April 1, 2025.[27] His subsequent motion to reopen was denied, and he did not appeal that decision.[28] Consequently, the removal order is administratively final, and Kahsay's detention is therefore governed by § 1231 rather than § 1226.[29]

The Supreme Court of the United States addressed the constitutional limits of detention under § 1231 in *Zadvydas v. Davis*.[30] There, the Court concluded that § 1231 contains an implicit limitation permitting detention only for a period "reasonably necessary to bring about that alien's removal from the United States."[31] The Court further held that six months of post-removal-order detention is presumptively reasonable.[32] The expiration of that six-month period does not automatically require release; rather, after six months have passed, the alien bears the initial burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."[33] If that showing is made, the Government must rebut it with evidence demonstrating that removal remains reasonably foreseeable.[34]

---

27 Doc. 8-1, at 3.
28 *Id.*
29 8 U.S.C. § 1231(a)(1)(B)(i).
30 533 U.S. 678 (2001).
31 *Id.* at 689.
32 *Id.* at 701.
33 *Id.*
34 *Id.*

Kahsay's claim fails at the threshold because he filed his petition well before the expiration of the six-month presumptively reasonable period recognized in *Zadvydas*. ICE took Kahsay into custody on July 9, 2026, after the Canada Border Services Agency denied him admission into Canada and returned him to the United States. Kahsay filed the instant petition on September 14, 2026, approximately two months later.[35] Because Kahsay was not in DHS custody until July 2026, the six-month period relevant to his post-order detention claim is measured from the commencement of that detention. Therefore, at the time of this Court's review, his detention remains well within the six-month period that the Supreme Court has deemed presumptively reasonable.

Moreover, even if Kahsay's detention had exceeded six months, the present record would not support a finding that removal is unlikely in the reasonably foreseeable future. ICE has actively pursued removal efforts. In August 2026, the agency submitted a travel-document request, and immigration officials subsequently advised that Kahsay had been queued for interviews related to that request.[36] The Government has also submitted a declaration representing that Kahsay's removal remains reasonably foreseeable.[37] Nothing in the record suggests that efforts to secure travel documents have stalled, been rejected, or become futile.

---

[35] Doc. 1.
[36] Doc. 8-1, at 4.
[37] *Id.*

To the contrary, the evidence presently before the Court demonstrates that the removal process remains ongoing.

Kahsay's remaining arguments do not alter that conclusion. He repeatedly characterizes his apprehension by immigration authorities as a warrantless or otherwise unlawful arrest. Even Kahsay's allegations as true, he identifies no authority suggesting that an asserted defect in his July 2026 arrest would invalidate his continued detention pursuant to an independently existing final order of removal entered more than a year earlier. Habeas relief requires a showing that the petitioner's present custody is unlawful. Because ICE possesses independent legal authority to detain Kahsay under § 1231, any alleged irregularities surrounding the manner in which he was taken back into custody would not entitle him to release.

Kahsay likewise contends that his confinement at Pike County Correctional Facility is indistinguishable from criminal punishment. The Court does not discount those concerns. However, unlike the petitioners in cases such as *German Santos v. Warden Pike County Correctional Facility*,[38] Kahsay is not challenging a prolonged period of civil detention pending completion of removal proceedings. Instead, he is detained pursuant to a final order of removal, and his custody remains subject to the framework established by § 1231 and *Zadvydas*. Because Kahsay's detention remains of relatively brief duration and removal efforts are

---

[38] 965 F.3d 203 (3d Cir. 2020).

actively ongoing, his conditions-of-confinement allegations do not provide a basis for habeas relief.

Finally, to the extent that the petition references broader criticisms of federal immigration-enforcement policies or alleges a generalized pattern of unlawful governmental conduct, those assertions are insufficient to establish a constitutional defect in Kahsay's individual detention. The question before this Court is a narrow one: whether federal law presently authorizes Kahsay's custody. For the reasons discussed above, the Court concludes that it does.

## III. CONCLUSION

Accordingly, Kahsay has failed to demonstrate that his continued detention violates either § 1231 or the Due Process Clause of the Fifth Amendment, and his petition must be denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge